# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DIASOURCE, INC., et al.,** ] | |
| ] | |
| **Plaintiffs,** ] | |
| ] | |
| v. ] | **Case No.: 2:02-CV-2203-VEH** |
| ] | |
| **MIKE GAMBLE, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Plaintiffs DiaSource, Inc. ("DiaSource"), Shawn Callahan ("Callahan"), and Steve Sims ("Sims") filed this case on September 6, 2002. Defendants Malgam Enterprises, Inc.'s ("Malgam") and Mike Gamble filed their Answer and Counterclaim (Doc. #9) on November 4, 2002. Plaintiffs filed their Answer to Counterclaim (Doc. #10) on December 12, 2002. Also on December 12, 2002, Plaintiffs filed an Amended Complaint (Doc. #11), in response to which Defendants filed an Answer to Amended Complaint (Doc. #12) on January 2, 2003. The undersigned inherited this case by way of reassignment on July 2, 2004. (Doc. #64).

Pending before the court are Defendant Malgam's Motion for Partial Summary Judgment on Defendants' Counterclaims (Doc. #93) filed on September 29, 2005, and Defendants' Motion for Summary Judgment (Doc. #99) filed on September 30, 2005.

The parties have fully briefed the motions, both of which are under submission and are now ripe for a ruling. As discussed below, the court concludes that Defendants have not met their burden of demonstrating the absence of material factual disputes and an entitlement to judgment as a matter of law as to either the claims set forth in Plaintiffs' Complaint or count one of the Counterclaim asserted against Plaintiffs. Accordingly, both motions are due to be denied.

## II.   STANDARD ON SUMMARY JUDGMENT

As the Eleventh Circuit recently stated in *International Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270 (11th Cir. 2006), regarding the summary judgment standard:

> Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quotations and emphasis omitted). If the movant bears the burden of proof on an issue, because, as a defendant, it is asserting an affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense. *See Martin v. Alamo Community College Dist.*, 353 F.3d 409, 412 (5th Cir. 2003).

*Stamp Art*, 456 F.3d at 1273-74.

### III. FACTUAL OVERVIEW

This lawsuit arises out of a joint venture between Plaintiffs and Defendants concerning the development and marketing of medical devices that were revolutionary in the area of diabetes treatment, including lancing devices,[1] lancets,[2] and syringes.[3] (Doc. #1 ¶ 1). Based upon the court's review of the record developed on summary judgment, the facts of this commercial dispute turn largely upon a credibility assessment of the testimony offered by Plaintiff Callahan, the owner of Plaintiff DiaSource, and Defendant Gamble, the owner of Defendant Malgam. Pivotal to the outcome of this case is the factual resolution of whether Defendants engaged in a methodical scheme to improperly take away employees, customers, and business from Plaintiffs[4] or whether Plaintiffs' own actions were the cause of the end

---

[1] "Lancing devices are the spring loaded pencil-like devices that are used to inject the needle into skin." (Doc. #103 at Callahan Aff. ¶ 1).

[2] "Lancets are actually the needle or point that pricks the finger of a diabetic patient so that blood testing can be done for sugar levels." (Doc. #103 at Callahan Aff. ¶ 1).

[3] The syringe design included a barrel and plunger fitting that wasted very little medication (i.e., "was the nation's first and best low 'dead space' delivery insulin syringe'") and a twist-off needle that avoided a patient's need to discard by way of a medical disposal container. (Doc. #103 at Callahan Aff. ¶ 28; *id.* at 8).

[4] (*See, e.g.*, Doc. #103 at Callahan Aff. ¶ 26 ("He [*i.e.*, Gamble] then told me [*i.e.*, Callahan] 'I have been screwing ya'll for three months to take your business and you didn't even know it.'")).

of DiaSource as a going concern and whether DiaSource owes Malgam money as a result of their prior commercial dealings.

## IV. ANALYSIS

### A. Claims at Issue on Summary Judgment

#### 1. Plaintiffs' Amended Complaint

Plaintiffs' Amended Complaint includes the following claims: count one is for conspiracy; count two is for violations of the Alabama Trade Secrets Act (the "Act"); count three is for intentional interference with business relations; count four is for fraud; and count five is for conversion. (Doc. #1; Doc. #11).

#### 2. Defendants' Counterclaim

Defendant Malgam has moved for partial summary judgment on count one of Defendants' Counterclaim. Count one is alleged against Plaintiff DiaSource only and is for breach of contract/claim on open account relating to products that Malgam allegedly shipped to DiaSource, but for which Malgam was never entirely paid. (Doc. #9 at 15).

### B. Material Factual Issues in Dispute

As the court's factual overview indicates, the record on summary judgment is replete with material factual disputes connected to witness credibility determinations. Put differently, the court is persuaded that Plaintiffs have adduced sufficient evidence

from which a reasonable jury could return a verdict in their favor on all pending claims.[5] Moreover, the court concludes that the development of the record at the pretrial stage and trial will help to better refine the evidentiary context applicable to the pending claims.[6] Therefore, Defendants have not carried their burden on summary judgment of demonstrating the absence of material dispute issues and entitlement to judgment as a matter of law. Accordingly, both motions are due to be denied.

## V. CONCLUSION

Defendants have not carried their burden of demonstrating the absence of material issues of disputed fact and entitlement to judgment as a matter of law. Accordingly, both Defendant Malgam's Motion for Partial Summary Judgment on Defendants' Counterclaims and Defendants' Motion for Summary Judgment are **DENIED**.

---

[5] Similarly, the presence of material factual disputes pertaining to Plaintiffs' affirmative claims counters against any ruling as a matter of law in favor of Defendants' on their Counterclaim.

[6] The court notes that some of Plaintiffs' claims appear stronger than others based upon the evidence generated as part of the summary judgment record and the *prima facie* proof needed to sustain those claims. However, the court still believes that reasonable jurors could differ as to the outcome on each one of them. Moreover, the court would rather reassess any deficient claims in the context of a clearer evidentiary picture at trial.

**DONE** and **ORDERED** this 25th day of September, 2006.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge